**Affirmed and Memorandum Opinion filed November 12, 2013.**



In the

# Fourteenth Court of Appeals

## NO. 14-13-00035-CR

**FREDDIE JOSEPH, Appellant,**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 174th District Court**
**Harris County**
**Trial Court Cause No. 1360849**

## M E M O R A N D U M   O P I N I O N

Appellant Freddie Joseph appeals following his conviction for possession of a controlled substance and sentence of eight years in prison. In his sole issue, Joseph contends that the trial court abused its discretion in denying his motion for mistrial. We affirm.

## I. Background

Houston Police Department officers J.R. Sneed and Kendric Stringfellow observed Joseph standing in an intersection smoking a cigarette on September 11, 2012. The officers testified that when they approached Joseph, they could smell the odor of phencyclidine ("PCP"). Joseph crushed the cigarette in his hand and dropped it to the ground. The cigarette was later analyzed by a chemist at the Houston Police Department Crime Lab and tested positive for PCP.

At trial, Sneed, Stringfellow, and Mariam Kane, a criminalist with the Houston Police Department Crime Lab testified on behalf of the State. Joseph did not testify. During the prosecutor's direct examination of Stringfellow, the following exchange occurred describing when the officers first approached Joseph:

> Prosecutor: Okay. Did the defendant say anything to y'all at that point?
>
> Stringfellow: I can't recall.
>
> Prosecutor: Okay.
>
> Stringfellow: At one point he told us that he was on parole and he was stressing and that's why—

Defense counsel immediately objected and requested a bench conference. After approaching the bench, defense counsel objected to Stringfellow's response as "highly prejudicial" and argued an instruction to the jurors to disregard the statement about Joseph's being on parole would not be effective. Defense counsel then moved for a mistrial. The trial court denied the motion for mistrial and instead instructed the jury to disregard Stringfellow's answer, adding "[y]ou may not consider it for any purpose whatsoever."

The jury ultimately convicted Joseph of possession of a controlled substance. The indictment in the case alleged two enhancement paragraphs to which Joseph pled "True." Finding both enhancement paragraphs True, the jury assessed punishment at eight years confinement in the Institutional Division of the Texas Department of Criminal Justice. Joseph now appeals in one issue challenging the denial of a mistrial.

## II.    Analysis

We review a trial court's denial of a motion for mistrial under an abuse of discretion standard. *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A trial court does not abuse its discretion unless its decision falls outside the zone of reasonable disagreement. *Santellan v. State*, 939 S.W.2d 155, 169 (Tex. Crim. App. 1997). The determination of whether a mistrial is required depends on the facts of a particular case. *Wood v. State*, 18 S.W.3d 642, 648 (Tex. Crim. App. 2000).

Reference by a witness to a defendant's prior incarceration violates the rule of evidence which prohibits the introduction of collateral offenses. *See* Tex. R. Evid. 403, 404(b). However, when a witness inadvertently references an extraneous offense, it is generally cured by a prompt instruction to disregard the testimony. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009). We presume a jury will obey the trial court's instruction. *See Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999).

For example, in *Tennard v. State*, the Texas Court of Criminal Appeals held error was cured by a prompt instruction to the jury to disregard a State witness's unresponsive comment that referenced a prior offense. 802 S.W.2d 678, 684−85 (Tex. Crim. App. 1990). In *Tennard*, the witness stated he saw the appellant after the appellant "got out of the penitentiary." *Id*. at 685. The case at hand involves a

3

similar vague reference by a witness to prior offenses. *See id.* Like in *Tennard*, the prompt limiting instruction by the trial judge cured the error. *See id*.

A mistrial would be the remedy for improper conduct that is so prejudicial that expenditure of further time and expense would be futile. *Hawkins*, 135 S.W.3d at 77. For example, a mistrial would be appropriate when reference to an extraneous offense was "clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Rojas v. State*, 986 S.W.2d 241, 250 (Tex. Crim. App. 1998) (holding a witness's statement that appellant had committed "past violence" was cured by a prompt instruction to disregard because the State did not anticipate the comment, the comment was not a "concrete reference" to an extraneous offense, and the witness was prevented from elaborating on the extraneous offense because of the prompt objection).

Joseph argues the witness's comment that he was out on parole was highly prejudicial in this case because Joseph declined to testify at trial, fearing the introduction of his prior convictions. However, like in *Rojas*, the trial court did not commit an abuse of discretion by determining the officer's comment did not warrant a mistrial: the State's questioning was developing the narrative, rather than anticipating a reference to an extraneous offense; the reference was not a concrete statement of a prior offense; and the prompt objection and instruction to disregard prevented any elaboration on the offense. *See Rojas*, 986 S.W.2d at 250. The fact that Joseph declined to testify does not make this an extreme case. *Austin v. State*, 222 S.W.3d 801, 815 (Tex. App.—Houston [14th Dist.] 2007, pet. ref'd) (holding a mistrial is required only in "extreme" circumstances). Therefore, we overrule appellant's sole issue.

We therefore affirm the trial court's judgment.

/s/ Marc W. Brown
Justice

Panel consists of Justices Christopher, Donovan, and Brown.

Do Not Publish — TEX. R. APP. P. 47.2(b).